NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

NOV 1 4 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-CV-17-KSF

DEB BRYSON                                                          PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

WARDEN JOE BOOKER, ET AL.                                          DEFENDANTS

**** **** **** ****

This matter is before the Court on the renewed motion [Record No. 51] of Defendant Rosie

Harless for entry of Summary Judgment in her favor, pursuant to Fed.R.Civ.P. 56(b), on the ground

of qualified immunity.

BACKGROUND

The plaintiff was a federal prisoner who had originally been confined at the Prison Camp of

the Federal Medical Center ("FMC") in Lexington, Kentucky, but was being housed at the Fayette

County Detention Center ("FCDC") in Lexington when the instant *pro se* complaint was filed on

January 15, 2004. In the complaint, brought pursuant to 28 U.S.C. §1331 and the doctrine

announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), Bryson

complained of her transfer to the local facility. As was explained later, she was considered a witness

in an investigation into allegations of sexual contact between guards and female prisoners at the

FMC camp, and she had been transferred to the FCDC because the federal camp had no special

housing unit in which to segregate and protect female inmates.

Plaintiff Bryson named numerous defendants in the employ of the Federal Bureau of Prisons

as responsible for the transfer and the inferior conditions which she was suffering at the FCDC. She

claimed that the defendants violated several of her constitutional rights, and she sought damages and certain injunctive relief, including a transfer back to the FMC's prison camp. Most of the defendants were dismissed upon the Court's screening, but the case was permitted to continue on several claims against the Federal Bureau of Prisons and others against Correctional Officer Gregory Goins and the Administrator of the Prison Camp, Rosie Harless, in their individual capacities. Service of the complaint and summons was directed, and the record shows that service on these defendants was accomplished in the Spring of 2004.

By March of 2005, Officer Goins had been convicted of sexual relations[1] with female inmates; although he was served herein, he has made no defense nor entered an appearance. The remaining federal defendants, by an Assistant United States Attorney, brought a dispositive motion seeking alternative relief, either dismissal or entry of summary judgment. In an Order issued March 16, 2005, the Court granted partial summary judgment, dismissed one constitutional claim and all claims for injunctive relief, and dismissed the Bureau of Prisons as a defendant. However, the Court denied the summary judgment motion as to Goins and Harless in their individual capacities.

The Court then referred the matter to a Magistrate Judge for pre-trial management. On July 29, 2005, the Magistrate Judge granted Harless' motion to limit initial discovery to her qualified immunity defense; granted the plaintiff 45 days to conduct that discovery; and granted Harless 60 days in which to renew her motion for summary judgment based on that immunity defense. The record contains no evidence that the plaintiff pursued any discovery, however. The record for the

---

[1] The record in the criminal proceeding, *United States v. Goins*, Lexington No. 04-CR-32-JMH, reveals that on October 15, 2004, a jury found Defendant Goins guilty of 8 counts of sexual abuse of a federal inmate, one count of sexual abuse by threatening or placing an inmate in fear, and one count of making fraudulent and false statements. His convictions were affirmed on appeal. He is serving a 108-month sentence.

2

time frame shows only that an attorney who had lately appeared for the plaintiff withdrew his representation and that on October 7, 2005, Bryson was granted 90 days to obtain new counsel. Later, having failed to obtain a new attorney, she moved for court-appointed counsel. When this motion was denied on February 2, 2006, the plaintiff was granted another 90 days to obtain other counsel. Again, no attorney was found; rather, Bryson decided to proceed *pro se*, as she had done at the inception of this case. Finally, on June 14, 2006, the Magistrate Judge ordered Plaintiff Bryson to complete discovery in 45 days and set a 60-day deadline for Defendant Harless to renew her earlier dispositive motion.

The record shows no discovery or attempts at discovery followed, and the moving defendant's Assistant United States Attorney confirms this fact. Defendant Harless, however, has timely renewed her motion for summary judgment, and on August 15, 2006, the Magistrate Judge issued an order directing the plaintiff to file any response within 30 days. Bryson has not responded, however, and the time for filing a response has run.

<u>DEFENDANT HARLESS' MOTION FOR SUMMARY JUDGMENT</u>

Defendant Harless points to her original declaration as to her role in the complained-of events (attached to Record No. 29) and also submits an additional declaration (attached to Record No. 51), which repeats much of her original contentions and adds more information.

According to these declarations, Defendant Harless was only the FMC camp's administrator and was never a warden. Therefore, she swears, she had no authority to order the original transfer of the plaintiff to the local facility, nor the authority to transfer her back to the camp. She declares that she and other federal employees visited Bryson weekly and there were plenty of opportunities for the federal inmates to write for relief from any of their complained-of conditions. Not only did

3

Bryson not use these opportunities there, Harless contends, she also did not file Bureau of Prisons grievances when she was transferred back to a federal facility. Thus, her failure to exhaust any administrative remedy system bars the claims herein.

Harless swears that she had no power over the conditions at FCDC. She states that phone call requests were handled by FCDC staff, as were incoming and outgoing mail. Also, "Plaintiff's medical and other needs were provided to the Plaintiff by the county jail staff." According to Harless, the issues which this plaintiff directed to her were generally related only to her placement at the jail and the length of her stay. None of Bryson's complaints were related to cancer, and her medical records show no serious health issues during this time period. Five months after her arrival at FCDC, on February 13, 2004, the plaintiff was transferred to another federal prison camp.

Reciting the well-known standards of *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), Rosie Harless contends that none of the plaintiff's allegations present a constitutional claim and, therefore, she is entitled to summary judgment based on qualified immunity.

## DISCUSSION

### Applicable Standards

To state a claim that is cognizable as an action pursuant to 28 U.S.C. §1331 and *Bivens,* the plaintiff must plead two essential elements. The plaintiff must show, first, that he or she has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him or her of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397. In essence, the defendants' position is that the instant plaintiff cannot establish the first of these elements, *i.e.*, a violation to her federal rights.

4

As the Court noted earlier in this case, in deciding a motion for summary judgment, the Court must determine that there are "no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

A district court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

In deciding a motion for summary judgment, the moving party has the burden of showing there is an absence of evidence to support a claim. *Id.* at 324-25. After a moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* If the non-movant completely fails to prove an essential element of his or her case, then all other facts are rendered immaterial. *Id.* at 322-23.

Because Defendant Harless claims to be entitled to qualified immunity, the Court examines that standard also. Whether a defendant is entitled to qualified immunity is a question of law. *Daugherty v. Campbell*, 935 F.2d 780, 783 (6th Cir. 1991), *cert. denied*, 502 U.S. 1060 (1992). Qualified immunity is described by the Supreme Court of the United States as follows:

5

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In evaluating claims of qualified immunity, the Court must engage in a two-step inquiry, "First, we inquire whether, '[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [official's] conduct violated a constitutional right?'" *Goad v. Mitchell*, 297 F.3d 497, 501 (6th Cir. 2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001)). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. Only if the Court finds a constitutional violation will it go the second question, *i.e.*, whether the official's conduct was objectively reasonable, as measured by reference to clearly established law at the time. *Davis v. Scherer*, 468 U.S. 183, 191 (1984).

The plaintiff has the burden of establishing both that her rights were violated and that the defendant is not entitled to qualified immunity. *Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991); *Williams v. Mehra*, 186 F.3d 685, 692-93 (6th Cir. 1999) (quoting *Celotex*, 477 U.S. at 322). Yet, the instant plaintiff has not responded at all.

## Application of Standards

As the Court noted in its earlier Memorandum Opinion and Orders of February 17, 2004, and March 16, 2005, the plaintiff has claimed that Defendant Harless was deliberately indifferent to her serious medical needs, *i.e.*, cancer, in violation of the Constitution's Eighth Amendment; and she has also broadly alleged violations of her rights under the First, Fifth, and Fourteenth Amendments.

6

Record No. 33.

Although the Court dismissed certain claims and defendants in those previous Orders with regard to Harless, it agreed with the plaintiff's position "that she has not had sufficient opportunity for discovery on the facts underlying these matters," and permitted the claims against her to proceed to discovery. Now, 18 months after that Order, Bryson has had sufficient opportunity for discovery but has pursued none. She has presented no evidence to refute the facts as stated by Harless in her two declarations.

Harless has declared that she was not involved in any medical care for the plaintiff, and this assertion has not been refuted. Additionally, she insists that the plaintiff made no medical complaints to her during this time and that Bryson's records show that her cancer concerns did not arise during her stay at the FCDC. The plaintiff has let these statements stand. In addition to not contradicting such declarations of fact, the plaintiff has not supported her purported Eighth Amendment claim with the legal requisites, which have been set out by the Supreme Court of the United States.

"In order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court demands that a prisoner show both "deliberate indifference" and "serious medical needs." *Id.* Even assuming that the instant plaintiff's purported cancer concern existed during this period and can be deemed a serious condition needing immediate attention, the Court finds no indication in the record that this defendant actually knew of any problem at that time and was deliberately indifferent to its potential to harm the plaintiff.

7

The Court must agree with the defendant that the plaintiff fails to meet the above-stated Eighth Amendment standards and also that the plaintiff's allegations to date do not include any claim of personal involvement of this defendant in her medical care. *See Young v. Martin*, 70 Fed.Appx. 256, 260-61 (6th Cir. 2003) (not published). Accordingly, there are two grounds whereby she is entitled to dismissal of this constitutional claim based on the prisoner's medical care.

Bryson has also blamed Harless for her placement at the FCDC, claiming that Harless' act in transferring her there offended the Constitution because it was retaliatory and in violation of the Fifth Amendment. Yet it is uncontroverted that Harless was not responsible for the plaintiff's move from the federal camp to the local jail facility; further, she has sworn that she could not have transferred Bryson back to the prison camp. The plaintiff has failed to develop any facts to support her claims that Harless committed any illegal act with regard to the plaintiff's transfer to the FCDC.

Even were Harless responsible for the transfer, no cognizable constitutional violation occurred. In order to assert a retaliation claim, a plaintiff must establish several separate components, including the prisoner's participation in a protected activity and the defendant's taking an adverse action against the prisoner for participating. The moving defendant herein, however, has not been shown to have taken *any* action with regard to the transfer decision. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). With no adverse action taken by Harless, this constitutional claim fails. Similarly, the plaintiff's due process and equal protection claims must fail, as a prisoner's place of imprisonment is totally discretionary with the BOP (*see Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)), and the plaintiff has failed to support her conclusory claims of discrimination (see *Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971)).

8

The plaintiff has also complained of FCDC staff's opening of prisoners' mail, limited telephone privileges, and short family visitations, but she has not refuted this defendant's sworn declaration that FCDC staff, not she, exercised control over these matters. Again, the plaintiff has not asserted that Harless was personally involved in any of these complained-of actions, thus providing an alternative basis for dismissing these claims against her. *See Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988); *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979).

Nor do Bryson's singular or cumulative complaints about the conditions of her FCDC confinement amount to a constitutional violation. Only prisoners' deprivations denying "the minimalized measure of life's necessities" constitute an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The totality of circumstances must amount to "serious deprivations of basic human needs" before an Eighth Amendment violation is deemed to exist. *See French v. Owens*, 777 F.2d 1250, 1252 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986)(citations omitted). The plaintiff's broad allegations about the conditions of confinement at the FCDC do not reach this standard.

The Court concludes that the plaintiff has failed to carry her burden in opposition to the defendant's motion, *i.e.*, she has failed to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment" (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 257). A litigant opposing the motion must employ proof other than her pleadings to establish the existence of specific triable facts. *Celotex Corp. v. Catrett*, 477 U.S. at 324; *see also Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990).

In the face of the instant motion for summary judgment, however, the instant plaintiff has presented nothing. The result is that the instant record to date contains only the plaintiff's initial

9

broad allegations, and such conclusory statements will not defeat a motion for summary judgment. *Matsushita Electric Industrial C. v. Zenith Radio Corp.,* 475 U.S. at 587. Finding that the plaintiff has presented no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law, the Court will grant Defendant Harless' motion for summary judgment.

<u>OTHER MATTERS</u>

One defendant remains. Although the instant record shows that he was served on March 24, 2004, well before his trial, conviction, and imprisonment, he has not appeared at all in this case. To date, there has been no action herein on the part of Defendant Goins or on the part of the plaintiff with regard to the allegations against him.

Given the passage of years that this case has been on the docket of the Court and the recent silence of the *pro se* plaintiff, the Court is considering dismissing the claims against Goins for failure to prosecute. Such a dismissal will terminate the remaining claims, and the Court will then strike the instant action from the active docket.

<u>CONCLUSION</u>

Accordingly, the Court being sufficiently advised, **IT IS ORDERED** as follows:

(1)     The motion of Rosie Harless for summary judgment [Record No. 51] is **GRANTED**, and all claims against her are dismissed, with prejudice;

(2)     this Order is interlocutory in all respects;

(3)     the parties are on notice that the Court is considering closing the case and shall show cause, by written response to be filed herein by no later than 30 days from the date of entry of this Order, why this action should not be dismissed, with prejudice, for failure to prosecute; and

10

(4)    upon the filing of any written response to this Order, or the expiration of the time for doing so, the Clerk of the Court shall notify the Pro Se Office.

This the ___14___ day of November, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE

11